BERTHA McCALVIN and WILLIAM McCALVIN, her husband, and JOHN D. THOMPSON, and HAROLD E. RYMAN, copartners under the firm name of Thompson-Ryman Realty Company, *Appellants,* vs. A. D. McMILLEN, *Appellee.*

136 So. 465.

En Banc.

Opinion filed August 11, 1931.
Petition for rehearing denied September 24, 1931.

*Selden, Hodgden & Couchman,* for Appellants;
*Mickler & Mickler,* for Appellee.

PER CURIAM.—In this case bill was filed to foreclose a mortgage. The appellants, Bertha McCalvin and William McCalvin, filed answer. Decree pro confesso was taken against other defendants. Replication was filed to the answer. A master was appointed and after due notice he took testimony and made his report to the court.

Neither the answer of the appellants, nor the replication thereto, nor the testimony taken before the master appears in the transcript of the record, though it does appear by the master's report that the solicitor of record for the appellants, McCalvin, was present when the testimony was taken before the master.

The master gave due notice of the filing of his report before the chancellor on the 22nd day of August, 1930. On the 2nd day of September, no exceptions having been filed to the master's report, the chancellor made and entered a final decree ordering sale of the property and disbursement of the funds. The master made sale and filed his report. The report of the special master appears to have been filed before the Circuit Judge on October

7th, 1930 and filed in the office of the Clerk of the Circuit Court on October 9th, 1930. On October 7th, 1930, the court made an order confirming the sale as made by the special master. On October 18th the master filed his report of conveyance and disbursements and on the same day order was made by the chancellor confirming the same. On November 12th the appellants Bertha McCalvin and William McCalvin, filed petition to set aside report and finding of the special master.

The burden of the petition is that the testimony was taken and the report of the special master was made within three months from the date of the filing of the replication which put the cause at issue and that these appellants, who were defendants in the court below, had not introduced any testimony and that by reason of the report of the special master having been made and confirmed within said three months Rule 71 for the Government of Circuit Courts in Equity Cases was violated to the detriment of these appellants.

The record shows that the appellants through their counsel had due notice of the time and place of the taking of testimony. The record shows that counsel of record for appellants was present at the time and place designated. The record, which was prepared at the direction and instance of the appellants, does not show what testimony was taken or whether or not any announcement was made as to testimony in behalf of the defendants.

The record further shows that due notice was given to counsel of record for the respective parties that the master was filing his report with findings of law and fact before the Circuit Judge on the 22nd day of August and that the same was filed in the office of the Clerk of the Circuit Court on that date.

It appears that Rule 77, Rules of Practice for the Government of Circuit Courts in Equity, was observed by

the master and by the parties. The record shows no exceptions were filed in the master's report.

The petition praying that the findings of the master be vacated and set aside and that the order confirming the master's report be vacated and annulled and that the final decree be vacated, set aside and annulled and that the report of the special master be declared null and void and that issue be referred back to the master to take testimony of the parties, does not show that the parties have any testimony to offer; nor does it show or allege that the parties did not have ample opportunity to present testimony at the hearing at the time and place fixed by the master at which their counsel of record was present.

Under this state of facts, the decree and orders appealed from should be affirmed. It is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD, BROWN AND DAVIS, J.J., concur.